WILLIAM H. WILD, Respondent, v. ADAMS, EVANS & CO., INC., and Others, Appellants, Impleaded with ARTHUR ADAMS and Others, Defendants.

Third Department, December 28, 1921.

Corporations — receivers — in action by stockholder against foreign corporation receiver will not be appointed, where no possible good can come to plaintiff and receivership will embarrass defendant corporation and corporation to which it had transferred its assets and their creditors, and there is no indication of assets in this State.

In an action by a stockholder against a foreign corporation a receiver should not be appointed, where it appears that the defendant corporation transferred its assets to a Florida corporation formed solely for the

APPEAL by the defendants, Adams, Evans & Co., Inc., and others, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Chenango on the 14th day of September, 1921, granting plaintiff's motion for the appointment of a receiver of the assets of Adams, Evans & Co., Inc., and also from an order entered in said clerk's office on the same day denying defendants' motion for a change of venue from the county of Chenango to the county of Westchester.

*Rhinelander, Durkin & Perkins* [*Hugh M. Hewson* of counsel], for the appellants.

*Edward H. O'Connor* [*H. C. Stratton* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The complaint is full of allegations and conclusions which have no real relevancy to the cause of action set forth in the affidavit upon which the injunction was granted. The only alleged cause of action of any possible merit is that Adams, Evans & Co., Inc., transferred its assets, or a great part of them, to the corporation Adams, Evans & Co. of Florida, receiving pay therefor in the entire stock of the latter corporation. Both corporations are formed under the laws of the State of Delaware, and under the statutes of that State the transfer was legal and apparently all the requirements of the statute were fully complied with to validate the sale. Under the Delaware statutes the board of directors have the right to make the transfer upon the written consent of a majority of the holders of voting stock issued and outstanding, and a

vacancy in the office of director can be filled by the remaining directors. The charter of the corporation contains similar provisions. The board of directors unanimously approved of and directed the transfer pursuant to the written consent of a majority of the stockholders filed with it. It ˘was not necessary that a special meeting of the stockholders be called, or that the plaintiff as a stockholder be requested to consent. The transfer was authorized by the statute, the provisions of which were fully complied with. The Florida corporation was formed solely for the purpose of taking over and carrying on the southern business of the other corporation upon the assumption of certain debts which had been created in the southern business. Both companies are managed by the same officers and directors. No money or property was lost by the transfer, and the assets of the holding corporation have not been lessened by the sale, as it holds the entire stock of the other corporation, and it is evident it could gain or lose nothing by the transfer, except perhaps in the convenience and manner of transacting the business. There is no allegation in the papers that any assets of either corporation were or are in the State of New York; apparently they are in Pennsylvania, Florida, North Carolina and South Carolina.

The complaint is full of charges of mismanagement of the corporation by the directors, but the plaintiff is not in a favorable position to be heard in that matter. The corporation apparently was formed about May 27, 1919, and about March 16, 1920, the plaintiff became a stockholder, director and the secretary and treasurer of the corporation and continued to act as such until February, 1921, when he resigned. The summons was issued May 31, 1921. The transfer of property to the Florida corporation was pursuant to resolutions passed March 22, 1921. It does not appear on what day in February the plaintiff ceased to be an officer of the corporation. The allegations, therefore, of bad management, improper contracts, that the corporation has lost $190,000 by reason of road building and was made insolvent by unwise contracts, and that the business has been badly managed, can have but little force except so far as they relate to transactions after February, 1921. If the corporation is in debt as much as the plaintiff claims it is, he as a stockholder

has no possible interest in the assets; the creditors alone are interested, and they should not be embarrassed by this controversy. We, therefore, may well disregard the general allegations of the complaint and consider that the plaintiff, if he recovers at all, must recover on account of the transfer of the southern assets for all the stock of the new corporation. Plaintiff alleges, on information and belief, that the transfer was made to prevent him and other stockholders from having a voice in the affairs of the corporation, but after he voluntarily resigned as a director he had no further voice in the corporation than he now has, as the holding corporation is controlled by its stockholders through its directors, and the stockholders have the same control of the one corporation as they have of the other. Apparently the plaintiff is looking for trouble and has no real merit in his claim. A careful perusal of the papers show that it is not a case for a receivership; it can do the plaintiff no possible good and will embarrass the corporations and their creditors. It is so extremely improbable that the plaintiff can recover that the discretion of the court should be exercised against a receivership.

The order should, therefore, be reversed, with costs to appellants, and the application denied, with costs. The matter of the change of venue was a fair matter, within the discretion of the court, and the order should be affirmed, with costs.

WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellants, and the application denied, with ten dollars costs. Order denying change of place of trial affirmed, with ten dollars costs and disbursements.